IRENE SNAY WALLING *vs.* HARRY E. JENKS.

MAY 26, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence in which the trial justice in the superior court nonsuited the plaintiff. The case is now in this court on her bill of exceptions, which contains the single exception to the above ruling.

The instant case has been before us heretofore, after a jury had returned a verdict for the plaintiff, and the opinion then rendered is reported in 59 R. I. 129, 194 A. 600. At that time we remitted the case to the superior court for a new trial for a reason which is not involved in the proceeding now under review. However, in the previous opinion, in passing upon the defendant's exception to the refusal of the trial justice to direct a verdict in his favor, which exception was overruled, the following finding was made at page 132: "We are of the opinion that there was evidence in support of a finding by the jury that the proximate cause of the plaintiff's injuries was not negligence on her part but negligence on the part of the defendant."

The law is well settled in this state that on a motion for a nonsuit the weight of the evidence is not before the trial justice for his consideration; that if there is any evidence to support the plaintiff's right of action the motion must be denied; and that the plaintiff is entitled to the benefit of all reasonable and legitimate inferences favorable to the plaintiff's case which may be drawn from the evidence. *Leary* v. *United Electric Rys. Co.*, 46 R. I. 100; *Douglas* v. *Matzner*, 51 R. I. 1; *Royer* v. *Najarian*, 60 R. I. 368, 198 A. 562.

The facts appearing in the plaintiff's evidence in the present trial are similar to those which were disclosed by her

426

evidence in the earlier trial. For this reason it is not necessary to repeat fully at this time all such facts, as they already have been set out in detail in the previous opinion. However, in order that the defendant's present contention may be passed upon understandingly, the following facts, which appear in the evidence submitted on behalf of the plaintiff, should be referred to. The plaintiff's testimony as to the manner in which the accident happened was, in general, supported by the testimony of two other witnesses.

About noon, on a day in January 1934, she was a passenger on a United Electric Railways bus which was being operated in an easterly direction on Pontiac road, so called, in the city of Warwick. The day was fair. The bus stopped near a pole, which was a regular bus stop, in order to allow the plaintiff to alight and to permit another person to get on. At this place the hard-surfaced or macadam portion of Pontiac road was eighteen feet wide. Where the bus stopped there was, also, a five-foot gravel shoulder on that side of the road. About opposite this point, on the northerly side of Pontiac road, there was an intersecting unpaved street named Steele avenue. On the westerly corner of this street and Pontiac road there was a house and a gasoline station in front of which was a gravel shoulder or open space twelve feet wide and over forty feet in length. After the bus had stopped as aforesaid it was at an angle, its right front wheel being on the five-foot shoulder, and its rear wheels being on the macadam slightly to the right of the center of the traveled portion of the highway in the direction in which the bus was proceeding.

The plaintiff left the bus by its right front door and at that time did not look for other traffic on the road, but passed immediately around and close to the front of the bus until she reached its left front corner. She then stopped and looked toward her left, from which point traffic proceeding in the same direction as the bus might be expected. Owing to the angle at which the bus had stopped, her view of the

portion of the road directly behind the bus was obscured. However, from where she stood the other half of the road, in that direction, was visible for a distance of about two hundred feet to the brow of a slight hill. Seeing no traffic coming from her left on the portion of the road last mentioned, and observing no traffic approaching from her right, her view in that direction being unobscured for a long distance, she proceeded to cross Pontiac road without again looking either way.

After she had traversed the entire width of the macadam part of that highway and had reached the gravel shoulder on the northerly side of Pontiac road near the gas station, she was struck by a door handle on the right side of the defendant's automobile, which was proceeding at considerable speed in the same direction as was the bus. At the time of the impact, which threw the plaintiff to the ground, the defendant's automobile was on its extreme left side of Pontiac road; was completely off the macadam part of that highway; and was entirely on the gravel shoulder near the gas station. Said automobile passed in front of the plaintiff as she was proceeding northerly, and, after striking her, continued some distance before stopping.

The evidence for the plaintiff being substantially as above set out, the defendant contended that the plaintiff was guilty, as a matter of law, of negligence which contributed to the accident, because, when she looked to her left for approaching traffic before crossing Pontiac road, she did so from a place where her vision was obscured by reason of the angle at which the bus was standing, and that she did not again look when she was in a position from which she could see more of Pontiac road behind the bus. The trial justice accepted this contention as sound and granted the defendant's motion for a nonsuit on the ground urged by the defendant.

In so ruling we are of the opinion that the trial justice committed error. Under the facts as they are disclosed by

the plaintiff's evidence it cannot be held, as a matter of law, that she was guilty of negligence contributing to the accident. This is the case even if we recognize that the plaintiff looked to her left for oncoming traffic at a time when her view in that direction was partly obscured by the angle at which the bus was stopped, thereby making her observation of doubtful value, and that she did not look again from a place nearer the center of the road where she would have been able to see more of the highway behind the bus. The defendant's contention herein would be more persuasive if the plaintiff had been hit by the automobile near the center of the macadam surface of Pontiac road, or immediately after stepping from a place of safety into the path of said automobile. Under such circumstances the authorities cited to us by the defendant in support of his contention would be more nearly in point than they are when the plaintiff's evidence is considered.

However, in view of the fact that the plaintiff, according to the evidence submitted on her behalf, walked a distance of approximately eighteen feet after looking to her left and before she was struck, at which time she had completely crossed the macadam portion of Pontiac road and had reached its northern shoulder, the defendant's automobile then passing in front of her instead of behind her on said macadam, it is clear that questions of fact were raised for the jury to determine as to whether or not she was guilty of any negligence, and, even if she was, whether or not such negligence was the proximate cause of the accident.

In our judgment the decision of the matter now before us is governed by the holding in our opinion, previously rendered in this case, that a directed verdict for the defendant was not then proper. As we have above indicated, we there held, in substance, that if the jury accepted the version, as described in the plaintiff's evidence, of how the accident took place, then such evidence would support a finding by them that the proximate cause of the plaintiff's injuries was

negligence on the part of the defendant and not negligence on her part. In the instant case the plaintiff's evidence is substantially the same as before, and, in the absence of other evidence, in our opinion made out a *prima facie* case for the determination of the jury. The granting of the nonsuit, therefore, was improper.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Carroll & Dwyer, Edward F. J. Dwyer,* for plaintiff.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.